Filed 9/29/16  P. v. See CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>KENNETH CAREY SEE,<br><br>　　Defendant and Appellant. | F071618<br><br>(Madera Super. Ct. No. SCR014511)<br><br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Poochigian, Acting P.J., Franson, J., and Smith, J.

A jury convicted appellant Kenneth Carey See of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)).[1]  Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On July 2, 2013, Madera County Sheriff's Sergeant Jacob Tallmon and Deputy Jordan Logoluso were dispatched to a house in Madera County regarding a domestic dispute where they contacted See and his ex-wife, Laurel See (Laurel).  See told Deputy Logoluso they were arguing over See staying at the house and at a fifth wheel on the property.  Laurel told Sergeant Tallmon she and See had been arguing, that she was scared, and that See had a firearm.

Sergeant Tallmon accompanied Laurel to a detached garage where he recovered a Winchester 30-30 caliber lever action rifle and some older boxes of ammunition from the trunk of a Buick that was parked there.  Tallmon checked the rifle and determined that it was in working order.  As Sergeant Tallmon walked out of the garage he heard See say, "I'm sorry, I know I shouldn't have that."

Sergeant Tallmon told See he was aware See should not have the rifle.  See replied that he had placed the rifle in the Buick to avoid it being stolen and at some point the rifle was supposed to be passed on to his stepson who was in the military.  Sergeant Tallmon told See that he was going to take the rifle because he was not supposed to have it and See replied that he understood. The sergeant asked See how he obtained possession of the rifle. See replied that the rifle belonged to his deceased father and had sentimental value.  After some of his father's things started missing from his mother's house, he took possession of the rifle and put it in the trunk of the Buick, which was not operable.

---

[1]     All statutory references are to the Penal Code.

On May 22, 2014, the district attorney filed an information charging See with possession of a firearm by a felon and with having a prior conviction within the meaning of the Three Strikes law (§ 667, subds. (b)-(i)).

On September 2, 2014, See filed a *Romero*[2] motion asking the court to strike the Three Strikes Law allegation.

On October 2, 2014, the court granted See's motion and struck this allegation.

On February 4, 2015, the evidentiary portion of See's jury trial in this matter began. Later that day, the case was submitted to the jury and the jury convicted See of being a felon in possession of a firearm.

On March 6, 2015, the court found unusual circumstances and granted See probation for three years on condition that he serve 120 days in local custody.

See's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende, supra,* 25 Cal.3d 436.) See has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

[2]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504.